UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDY JAMES BROWN,

      Petitioner,

                                                Case No. 1:18-cv-51

v.

                                                HON. JANET T. NEFF

TONY TRIERWEILER,

      Respondent.

_____/

**OPINION AND ORDER**

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition.  The matter is presently before the Court on Petitioner's objections to the Report and Recommendation.  Petitioner presented four issues for review and challenges the Magistrate Judge's analysis of all four issues.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.  The Court will also issue a Judgment in this § 2254 proceeding.  *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

      1.  ***Introduction of Extrinsic Evidence***

      Petitioner's first two grounds for habeas relief arose from the motion for new trial that he filed based on comments made by a juror in his trial, who was identified as "MF." The trial court denied the motion for new trial, and the Michigan Court of Appeals affirmed the trial court's

decision.  Petitioner argues that the Magistrate Judge "incorrectly applied the law" that controls whether MF's comments concerned "internal" or "external" matters (Pet'r Obj., ECF No. 16 at PageID.3404).  Relying on *Warger v. Shauers*, 574 U.S. 40, 40 (2014), Petitioner generally asserts that "[t]he foreperson's statements were not internal, deliberative statements, part of the general body of experiences the jurors brought with them into the jury room" (*id.* at PageID.3410).  Petitioner argues that "the type of particularized contacts and specific knowledge that the juror possessed here, including information as to prior business and board relationships, falls on the 'external' side of the Supreme Court's less-than-bright line" (*id.* at PageID.3408).  Petitioner emphasizes that MF, who was elected the foreperson of his jury, introduced "devastating extraneous information to the other jurors when she provided a motive for the murder" (*id.* at PageID.3410).  According to Petitioner, while "the evidence suggested that Petitioner and his wife may have argued, no evidence elevated that argument to a motive for murder" (*id.* at PageID.3410).

Petitioner's objection does not demonstrate any error by the Magistrate Judge.  In her Report and Recommendation, the Magistrate Judge recounted the reasoning of the appellate panel and its ultimate conclusion that the statements were "not an extraneous influence, as the statement did not derive from a source external to the jury" (R&R, ECF No. 15 at PageID.3881-3883).  The appellate panel concluded that the statements were instead "based on MF's own personal experience and knowledge, not on anything she had read or heard about the case, and the statements did not provide her or the jury with any specific information or knowledge regarding [the] murder" (*id.* at PageID.3383).  The Magistrate Judge pointed out that Petitioner had cited no Supreme Court case indicating that the court of appeals' conclusion was "unreasonable" (*id.* at PageID.3384).  Additionally, as for MF's statements to the effect that "Petitioner killed the victim

to save his marriage," the Magistrate Judge determined that the trial court reasonably concluded that MF's theory was supported by the record (*id.* at PageID.3385).

Petitioner's objection does not demonstrate any error by the Magistrate Judge, only his different assessment of the evidence in the record.  Indeed, the Magistrate Judge observed that "[e]ven if MF's theory had no record support, that would not transform her speculative statements from internal to external matters" (R&R, ECF No. 15 at PageID.3385).  Petitioner identifies no basis that supports rejecting the Magistrate Judge's conclusion that Petitioner failed to show that the state court's decision was contrary to, or an unreasonable application of, clearly established Supreme Court precedent.  Petitioner's first objection is properly denied.

    2.  ***Juror Nondisclosure***

Next, Petitioner argues that the Magistrate Judge also erred in finding that the trial court properly declined to consider post-verdict testimony from other jurors (Pet'r Obj., ECF No. 16 at PageID.3404).  Petitioner argues that his right to a fair trial was violated because MF withheld information that would have led to her excusal for cause (*id.* at PageID.3411).  According to Petitioner, the record demonstrates that MF "did not set aside her sympathy" for the decedent and his family (*id.* at PageID.3413).

Petitioner's argument lacks merit.  In affirming the trial court's decision to deny Petitioner's motion for new trial, the Michigan Court of Appeals ruled that the evidence Petitioner sought to introduce in support of his juror bias claim was inadmissible under Michigan's version of the no-impeachment rule, which generally prohibits jurors from impeaching their own verdict based on comments or discussions during deliberations (R&R, ECF No. 15 at PageID.3389).  The Magistrate Judge determined that the appellate panel reasonably concluded that this case did not fit within the exception to the prohibition (*id.* at PageID.3390).  Further, the Magistrate Judge

3

determined that the record contained "ample support" for the trial court's determination that MF would be impartial (*id.* at PageID.3392).  Again, Petitioner's objection does not reveal any error by the Magistrate Judge, only his disagreement with the Magistrate Judge's recommendation. Petitioner identifies no basis that supports rejecting the Magistrate Judge's conclusion that the denial of this claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law.

3.  ***Admission of Expert Testimony***

Next, Petitioner argues that the State's cellphone expert was improperly permitted to testify and place Petitioner at the murder scene where the science did not permit such precision (Pet'r Obj., ECF No. 16 at PageID.3404).  Petitioner argues that the Magistrate Judge was incorrect in determining that Petitioner's argument was a matter of state evidentiary law that did not rise to the level of constitutional dimension (*id.* at PageID.3413).  According to Plaintiff, the decision to qualify the expert and admit his testimony was "so lacking in justification that its error is beyond any possibility for fair minded disagreement" and therefore warrants habeas relief (*id.* at PageID.3416).  Petitioner's argument lacks merit.  As pointed out by the Magistrate Judge, state-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice "so rooted in the traditions and conscience of our people as to be ranked as fundamental" (R&R, ECF No. 15 at PageID.3396).  Petitioner's objection reveals no error in the Magistrate Judge's conclusion that this claim raises no issue upon which habeas relief may be properly granted.

4.  ***Ineffective Assistance of Counsel***

Last, Petitioner argues that the Magistrate Judge erred in denying his ineffective-assistance-of-counsel claim where trial counsel failed to call an expert in the field of gunshot

residue analysis, despite the fact that counsel had consulted such an expert and that expert purportedly could have presented opinion testimony favorable to Petitioner (Pet'r Obj., ECF No. 16 at PageID.3404-3405, 3419).  Petitioner's argument lacks merit.  The Magistrate Judge properly determined that trial counsel's decision about whether to call a particular expert witness was a matter of trial strategy, especially where, as here, counsel was aware of the substance of the testimony of the potential witness (R&R, ECF No. 15 at PageID.3402).

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.  Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 16) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated:  March 3, 2021

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge